WILL DAWSON v. STATE.

194 So. 318
Division B
Opinion Filed February 27, 1940

*W. W. Flournoy,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, Will Dawson, was informed against on two counts, one charging the larceny of a steer on the 8th day of May, 1939, and the second count charging the larceny of a cow on the same date, each of the animals being the property of G. W. McLean and J. D. McLean. The defendant below entered a plea of not guilty to each count, was placed upon trial and by a jury, on the 20th day of May, 1939, convicted under the first count of the information and was sentenced to the State Prison for a

period of three years. He has perfected his appeal to this Court and contends that the evidence is insufficient to support the verdict.

The evidence shows that the steer left the range of the owner when about one and one-half or two years old and took up with another herd some few miles away and there remained for about four years. The defendant, Will Dawson, sold the steer to Arthur Padgett and the same was butchered on the range on the 8th day of May, 1939, and the defendant Dawson was present when the animal was butchered. The steer was marked with a smooth crop and split in one ear and swallow fork and under bit in the other and was unbranded. The animal was a dark red or dark brown color and bore the mark of the mother of the owners of the steer, as the same strayed during her lifetime, and was sold to Padgett by the defendant and butchered after the death of the owner of the steer and the two McLeans became the owner thereof by inheritance.

During the progress of the trial the defendant adduced Sophia Myrick who testified that she sold the steer in question to the defendant, Will Dawson, and that the animal was raised around Caryville, in Walton County, Florida, and that the steer was not the property of the McLeans, but was the property of Sophia Myrick. The defendant testified that he bought the animal from Sophia Myrick and sold the same to Mr. Padgett and that the sale was a bona fide transaction and there was no intention on his part to steal the steer described in the first count of the information.

The trial court, in submitting the issues to the jury, charged that "where one honestly and in good faith takes the property of another, believing that he has a right to take that property, the jury could not convict him of larceny. If he honestly and in good faith, and with an honest

belief that he had the right to take the property if he does take it, it would not be petit larceny, and, if you should find that this defendant took the steer" described in "the first count of the information, but that he honestly and in good faith, had a bona fide belief that he had the right to take the steer, but was mistaken in that right to take it, then of course you could not find him guilty of larceny, because larceny is the felonious, unlawful stealing or taking away of property." It will be observed that the trial court fully charged the jury upon the good faith of the alleged taking of the steer and the issues were submitted to a jury. It was within the province of the jury to believe or disbelieve the testimony of the defendant and other evidence offered in his behalf and they elected not to believe or place any credence in the testimony of the defendant and his witness, as is shown by the verdict found.

We have carefully examined the transcript and briefs of the respective parties and fail to find reversible error. The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.